# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3895-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

NORMAN P. DOBRES,

    Defendant-Appellant.

_____

Submitted January 23, 2024 – Decided February 8, 2024

Before Judges Whipple and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 19-08-0889.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, of counsel and on the briefs).

Mark Musella, Bergen County Prosecutor, attorney for respondent (K. Charles Deutsch, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Norman P. Dobres appeals from a January 12, 2022 order, entered after a hearing, finding him competent to stand trial. We affirm.

Defendant was charged and indicted in Bergen County with two counts of first-degree sexual assault of a minor less than thirteen years old, one count of second-degree sexual assault, one count of third-degree endangering the welfare of a child, and two counts of first-degree endangering the welfare of a child.

Prior to trial, the State moved to have defendant's recorded statement to the police deemed admissible at trial. In response, defense counsel questioned whether defendant was capable of understanding the police officers' Miranda[1] warnings because defendant was intellectually disabled. Both counsel sought to present expert testimony as to defendant's intellectual abilities. As a result, the judge scheduled a hearing to determine whether defendant was competent to stand trial.

The competency hearing spanned three non-consecutive days in September, November, and December 2021. During the hearing, the judge heard testimony from two licensed psychologists: Dr. David Goldstein on behalf of defendant and Dr. Louis Schlesinger on behalf of the State. The judge also heard

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

A-3895-21

testimony from defendant's investigator, Jesse Novak, and defendant's sister, Joanne Dobres.

Both experts reviewed defendant's background as part of their testimony. The experts agreed defendant has a low intelligence quotient (IQ) and is intellectually disabled.

Specifically, Dr. Goldstein testified defendant lacked the ability to understand legal proceedings and the ability to participate in his own defense. Based on tests Dr. Goldstein administered to defendant, the doctor concluded defendant was not competent to stand trial. On cross-examination, the State challenged Dr. Goldstein's testing methods in measuring defendant's competency to stand trial.

On the other hand, Dr. Schlesinger testified defendant was clearly competent to stand trial. In rendering his opinion, Dr. Schlesinger reviewed all discovery materials and Dr. Goldstein's report. He also interviewed defendant and administered "a number of psychological tests." In responding to questions, Dr. Schlesinger testified defendant provided "adequate" responses, with "[n]o evidence of a formal thought disorder." Dr. Schlesinger opined defendant had the capacity to relate to defense counsel and could adequately assist with his own defense and legal strategy.

A-3895-21

Dr. Schlesinger further opined Dr. Goldstein improperly conducted certain tests because the tests did not "cover all of the areas listed in the [competency] statute." He testified the tests administered by Dr. Goldstein were "highly controversial" and should only "supplement[]" the criteria enumerated under N.J.S.A. 2C:4-4 rather than "replace" a thorough statutory review of the competency factors.

According to Dr. Schlesinger, defendant "made a number of legal references" that were "inconsistent with somebody who is intellectually disabled," such as discussing the terms "restraining order" and "accusation." Dr. Schlesinger, applying the criteria listed in N.J.S.A. 2C:4-4, found defendant was aware of person, place, and time, understood the charges, and understood the roles of a judge, prosecutor, and defense attorney. Dr. Schlesinger also highlighted defendant's understanding of a plea bargain and plea negotiations and, in fact, testified defendant "knew that the State reduced [its] offer" regarding defendant's plea.

Regarding the testimony offered by defendant's sister, the judge found her "honest and credible" and "[h]er testimony corroborated the historical testimony of both Dr. Goldstein and Dr. Schlesinger as it pertained to [] defendant's childhood, his childhood ability and classification . . . and his present-day

4

abilities." In her testimony, defendant's sister explained defendant was his own guardian. The judge concluded from the sister's testimony "it was clear, from [her] perspective, that [defendant] needed guidance."

The judge also heard testimony from defendant's investigator, Jesse Novak. The judge found Novak's testimony "centered around the methods employed by Dr. Schlesinger while interviewing the defendant."

The judge concluded Novak's testimony was "offered for the purpose of establishing that Dr. Schlesinger's methods steered the defendant towards answers that supported the State's assertion that the defendant [was] competent to stand trial." The judge rejected Novak's suggestion that Dr. Schlesinger "had a bias or that Dr. Schlesinger incorporated means designed to reach the doctor's predetermined conclusion." Contrary to Novak's opinions regarding the testimony of the State's expert witness, the judge found Dr. Schlesinger "incorporate[d] methods that are generally accepted in his field and that are designed to fairly attempt to evaluate a subject for competency" and "no expert . . . established that the methods incorporated by Dr. Schlesinger [were] in [any way] improper."

In a January 12, 2022 written decision, the judge found the State met its burden of proving defendant was competent to stand trial.

In addressing the experts' credibility, the judge found the defense expert's testimony contained several inconsistencies. Specifically, the judge stated:

> During direct examination[,] Dr. Goldstein opined that [] defendant would not be able to assist in his own defense because he would not be able to point out inconsistencies in the testimony given by the State's witnesses[;] however, during cross-examination[,] Dr. Goldstein admitted that [] defendant was able to opine that the witnesses were lying[,] which undercuts Dr. Goldstein's opinion in this regard. Dr. Goldstein did not explain how one might be able to identify who was lying but be unable to point out inconsistencies in the testimony of witnesses[,] which render[ed] . . . this portion of Dr. Goldstein's opinion less than credible.

The judge also stated:

> In another instance, Dr. Goldstein stated during direct examination that [] defendant could not tell him what the exposure was upon conviction[;] however, during cross-examination, Dr. Goldstein testified that [] defendant knew he was exposed to [fifteen] years in State prison if he were to be convicted . . . and much less if he were only to be convicted of simple assault. That is another instance where Dr. Goldstein's honest testimony during cross-examination rendered his opinion on direct, as to [] defendant's particular ability to understand expos[ure][,] less than credible.

Conversely, the judge found the State's expert "credible and believable." The judge noted Dr. Schlesinger based his opinion, in part, upon "his observation that [] defendant was able to explain what had happened; that [] defendant said he would know if a witness had lied; that [] defendant said he

6

would whisper in [his attorney's] ear if he heard a witness lie; and that [] defendant had offered a theory or articulated the motive that [] defendant said was the reason that the victim lied."

In considering and applying the statutory factors for determining competency to stand trial, the judge cited Dr. Goldstein's testimony that: "defendant was generally aware of person, place and time," N.J.S.A. 2C:4-4(b)(1); "defendant understood his case [was] before the court and that he [was] charged with a crime," N.J.S.A. 2C:4-4(b)(2)(a); "defendant understood the role of a judge in this case," N.J.S.A. 2C:4-4(b)(2)(b); "defendant understood what [defense counsel] was doing for him by representing him," N.J.S.A. 2C:4-4(b)(2)(d); "defendant was able to explain the facts of the case," N.J.S.A. 2C:4-4(b)(2)(e); and "defendant demonstrated that he was able to aid in the presentation of his defense because he reported to Dr. Goldstein that the child lied, the upstairs neighbor lied, [and] the child's grandmother was a drug abuser[,] and . . . offered a theory about why the child lied," N.J.S.A. 2C:4-4(b)(2)(g). The judge also noted Dr. Goldstein reported "defendant established an understanding of plea bargaining and also understood that in some cases there is no plea bargaining." Additionally, the judge cited Dr. Goldstein's concession "on cross-examination that the defendant might be able to aid in his own defense

because the defendant was able to tell him that the witnesses who might testify against him were liars."

The judge then considered and applied the statutory factors for competency based on Dr. Schlesinger's testimony and found the following: "defendant knew where he was while being interviewed and knew why he was there," N.J.S.A. 2C:4-4(b)(1); "defendant knew what he [was] charged with," N.J.S.A. 2C:4-4(b)(2)(a); "defendant knew what the courts [were] for and what the judge [was] to do and also who was the judge in his case," N.J.S.A. 2C:4-4(b)(2)(b); "defendant knew the [role] of the prosecutor[,] which Dr. Schlesinger said the defendant described as 'to seek justice,'" N.J.S.A. 2C:4-4(b)(2)(c); "defendant knew that [defense counsel]'s purpose was to help the defendant," N.J.S.A. 2C:4-4(b)(2)(d); "defendant described the circumstances pertaining to the alleged offense," N.J.S.A. 2C:4-4(b)(2)(e); "defendant explained what a jury does," N.J.S.A. 2C:4-4(b)(2)(f); "defendant knew what it meant to testify," N.J.S.A. 2C:4-4(b)(2)(g); and "defendant knew what the plea offer was and that [the plea offer] had changed," N.J.S.A. 2C:4-4(b)(2)(f). The judge further cited Dr. Schlesinger's testimony that "defendant appeared to be a satisfactory historian" regarding his work history and recollection of the facts of his criminal case.

A-3895-21

Based on his review of the witnesses' testimony and experts' reports, the judge found "the State [proved] it is more likely true than not [] that [] defendant [was] competent to stand trial."

After the judge's decision regarding defendant's competency to stand trial, on February 8, 2022, defendant entered a guilty plea to second-degree sexual assault and first-degree endangering the welfare of a child. On July 22, 2022, after applying the aggravating and mitigating factors, the judge sentenced defendant to concurrent terms of eight years for sexual assault and ten years for endangering the welfare of a child with an eighty-five percent parole disqualifier pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The judge also imposed parole supervision for life and compliance with Megan's Law and Nicole's Law.

On appeal, defendant raises the following argument:

> THE TRIAL COURT ERRONEOUSLY CONCLUDED THAT THE STATE HAD SATISFIED ITS BURDEN OF PROOF AS TO DEFENDANT'S COMPETENCY TO STAND TRIAL.

Where there is a bona fide doubt as to a criminal defendant's competence to stand trial, a competency hearing must be held. State v. Purnell, 394 N.J. Super. 28, 47 (App. Div. 2007). Once the issue is raised, the State bears the burden of establishing competence by a preponderance of the evidence. Ibid.

Our Criminal Code provides "[n]o person who lacks capacity to understand the proceedings against him or to assist in his own defense shall be tried, convicted or sentenced for the commission of an offense so long as such incapacity endures." N.J.S.A. 2C:4-4(a). Subpart (b) of N.J.S.A. 2C:4-4 codifies the test for determining competency to stand trial on criminal charges:

> b. A person shall be considered mentally competent to stand trial on criminal charges if the proofs shall establish:
>
> (1) [t]hat the defendant has the mental capacity to appreciate his presence in relation to time, place and things; and
>
> (2) [t]hat his elementary mental processes are such that he comprehends:
>
> (a) [t]hat he is in a court of justice charged with a criminal offense;
>
> (b) [t]hat there is a judge on the bench;
>
> (c) [t]hat there is a prosecutor present who will try to convict him of a criminal charge;
>
> (d) [t]hat he has a lawyer who will undertake to defend him against that charge;
>
> (e) [t]hat he will be expected to tell to the best of his mental ability the facts surrounding him at the time and place where the alleged violation was committed if he chooses to testify and understands the right not to testify;

10

(f) [t]hat there is or may be a jury present to pass upon evidence adduced as to guilt or innocence of such charge or, that if he should choose to enter into plea negotiations or to plead guilty, that he comprehend the consequences of a guilty plea and that he be able to knowingly, intelligently, and voluntarily waive those rights which are waived upon such entry of a guilty plea; and

(g) [t]hat he has the ability to participate in an adequate presentation of his defense.

[N.J.S.A. 2C:4-4.]

"[O]ur role in reviewing the decision[] of a trial judge respecting competence [is] 'typically, and properly, highly deferential.'" State v. M.J.K., 369 N.J. Super. 532, 548 (App. Div. 2004) (quoting State v. Moya, 329 N.J. Super. 499, 506 (App. Div. 2000)). We do not review the factual record to determine how we would decide the matter if we were "the court of first instance." State v. Johnson, 42 N.J. 146, 161 (1964). A trial court's determination on the subject of competency will be sustained if there is sufficient supporting evidence in the record. Purnell, 394 N.J. Super. at 50.

A person is considered mentally competent to stand trial on criminal charges if the proofs satisfy the requirements of N.J.S.A. 2C:44-4(b). See State v. Gorthy, 226 N.J. 516, 531-32 (2016). At a minimum, the defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of

rational understanding and [possess] . . . a rational as well as a factual understanding of the proceedings against him." Purnell, 394 N.J. Super. at 47 (citing Dusky v. United States, 362 U.S. 402, 402 (1960)).

Having reviewed the record, we are satisfied there is sufficient evidence in the record, including expert testimony, to support the judge's finding defendant competent to stand trial. We affirm substantially for the reasons expressed by Judge Keith A. Bachmann in his comprehensive written decision. We add the following comment.

Here, as the fact-finder, the judge was confronted with contradicting expert opinions regarding defendant's competency to stand trial. A fact-finder is free to accept or reject all or part of any expert's testimony. M.J.K., 369 N.J. Super. at 549. "Respecting expert opinions of psychiatrists or psychologists, the court, sitting as a factfinder, must use its 'common sense and ordinary experience.'" Ibid. (quoting In re Yaccarino, 117 N.J. 175, 196 (1989)). "This is particularly true when . . . the factfinder is confronted with directly divergent opinions expressed by the experts." Ibid.

Here, faced with the contradictory opinions of the two psychological experts, the judge gave more weight to the State's expert, Dr. Schlesinger, and explained his reasons for doing so. Based on the evidence and testimony

adduced during the competency hearing, the judge correctly applied the standards under N.J.S.A. 2C:4-4 and determined defendant was competent to stand trial. The judge's findings, which are fully supported by the record, command our deference.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3895-21